# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-17-00772-CV

B. H.-L., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 425TH JUDICIAL DISTRICT
NO. 16-0122-CPS425, HONORABLE BETSY F. LAMBETH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

B.H.-L. appeals from the trial court's order terminating her parent-child relationship with her children, A.S. and A.L.[1] After a bench trial, the trial court found that B.H.-L. had committed conduct that satisfied the requirements for termination found in Paragraphs (D), (E), (O), and (P) of Texas Family Code section 161.001(b)(1). *See* Tex. Fam. Code § 161.001(b)(1)(D), (E), (O), (P). In addition, the trial court found that termination was in the best interest of the children. *See id.* § 161.001(b)(2).

In three appellate issues, B.H.-L. contends that there was legally and factually insufficient evidence to support the termination of her parental rights pursuant to Paragraphs (D), (E), or (O). However, she does not challenge the sufficiency of the evidence supporting the termination

---

[1] We use initials to protect the privacy of those involved in this case. *See* Tex. Fam. Code § 109.002(d).

of her rights pursuant to Paragraph (P), nor does she challenge the trial court's finding that termination was in the best interest of the children. Therefore, she has waived any challenge she may have to those findings. *See Toliver v. Texas Dep't of Family & Protective Servs.*, 217 S.W.3d 85, 102 (Tex. App.—Houston [1st Dist.] 2006, no pet.) ("Holloway does not challenge the sufficiency of the evidence supporting the findings under section 161.001(1)(F), (N), and (O), and thus he waives any complaint about the sufficiency of the evidence to support these findings."); *see also In re T.W.*, No. 05-16-00232-CV, 2016 WL 3437589, at *6 (Tex. App.—Dallas June 21, 2016, pet. denied) (mem. op.) ("Father has not challenged the sufficiency of the evidence to support these grounds and has thus waived any complaint that the evidence is insufficient to support these findings."); *J.T. v. Texas Dep't of Family & Protective Servs.*, No. 03-15-00286-CV, 2015 WL 6459607, at *2 (Tex. App.—Austin Oct. 23, 2015, no pet.) (mem. op.) ("[T]heir brief does not challenge the jury's findings that Father and Mother engaged in conduct satisfying the statutory grounds found in subsection (N), (O), or (P). Father and Mother have therefore waived any challenge they may have to the jury's findings under those subsections.").

Moreover, "[o]nly one statutory ground is necessary to support a judgment in a parental-rights-termination case." *Spurck v. Texas Dep't of Family & Protective Servs.*, 396 S.W.3d 205, 221 (Tex. App.—Austin 2013, no pet.) (citing *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003)). Therefore, the trial court's unchallenged findings that B.H.-L. committed conduct satisfying Paragraph (P) and that termination was in the children's best interest are sufficient to support the court's termination order. *See In re C.C.*, No. 12-17-00114-CV, 2017 WL 3184319, at *3 (Tex. App.—Tyler June 30, 2017, no pet.) (mem. op.) ("Because B.C. does not challenge any of the

predicate grounds for termination or the best interest finding, these findings are binding on this court. Therefore, the unchallenged finding that termination is in the children's best interest along with the unchallenged predicate grounds for termination suffice to support the trial court's judgment.") (citations omitted).

In conclusion, because B.H.-L. has waived any challenge she may have to the trial court's findings concerning Paragraph (P) and the children's best interest, we overrule her appellate issues and affirm the trial court's order terminating her parental rights.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:   March 13, 2018